CASE NO. 12-5801

# United States Court of Appeals for the Sixth Circuit

CHARLES CURTIS, *et al.*,

*Plaintiffs-Appellants*,

v.

ALCOA, INC. and ALCOA INC., as Fiduciary of the Employees' Group Benefit Plan of Alcoa Inc., Plan II,

*Defendants-Appellees*.

On Appeal from the United States District Court for the Eastern District of Tennessee

**BRIEF OF DEFENDANTS-APPELLEES IN OPPOSITION TO PETITION FOR REHEARING EN BANC**

Evan R. Chesler
Daniel Slifkin
Benjamin Gruenstein
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

John A. Lucas
WAGNER, MYERS & SANGER P.C.
1801 First Tennessee Plaza
Knoxville, Tennessee 37929
(865) 525-4600

*Attorneys for Defendants-Appellees*

June 7, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................... ii

STATEMENT IN OPPOSITION TO REHEARING EN BANC ..................1

ARGUMENT..................................................................................................1

I. THERE IS NO BASIS TO REVIEW THE PANEL'S DECISION THAT REYNOLDS RETIREES RETIRED SUBJECT TO A CAP..........................................................................1

II. THERE IS NO BASIS TO REVIEW THE PANEL'S DECISION THAT APPELLANTS WAIVED THEIR ARGUMENT ABOUT THE PROPER CAP LEVEL. ........................4

III. THERE IS NO BASIS TO REVIEW THE PANEL'S DECISION THAT IMPLEMENTATION OF THE CAP, INCLUDING THE NOTIONAL ACCOUNT, WAS PROPER. .........5

CONCLUSION ........................................................................................8

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Cataldo v. U.S. Steel Corp., 676 F.3d 542 (6th Cir. 2012) ............................3

CIGNA Corp. v. Amara, 131 S.Ct. 1866 (2011) ...........................................3

Costo v. United States, 922 F.2d 302 (6th Cir. 1990) ................................2, 3

Crosby v. Rohm & Haas Co., 480 F.3d 423 (6th Cir. 2007) .........................3

Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73 (1995).......................3

Musto v. Am. Gen. Corp., 861 F.2d 897 (6th Cir. 1988) ...............................3

Reese v. CNH Am. LLC, 694 F.3d 681 (6th Cir. 2012) ................................5

United States v. Moore, 376 F.3d 570 (6th Cir. 2004)...................................5

**Statutes & Rules**

6 Cir. I.O.P. 35(a) .........................................................................................1

6 Cir. I.O.P. 40(a)(1)......................................................................................1

29 U.S.C. § 1024(b)(2) ..................................................................................4

29 U.S.C. § 1102(a)(1)...................................................................................3

Defendants-Appellees respectfully submit this opposition to Plaintiffs-Appellants' Petition for Rehearing En Banc (the "Petition").

**STATEMENT IN OPPOSITION TO REHEARING EN BANC**

On May 9, 2013, a unanimous panel of this Court affirmed the decision of the district court below dismissing Appellants' action with prejudice.  Appellants now seek en banc review—"extraordinary" relief granted only for a "precedent-setting error of exceptional public importance or an opinion that directly conflicts with Supreme Court or Sixth Circuit precedent" (6 Cir. I.O.P. 35(a))—or panel rehearing—relief granted only for an error of fact or law in the Panel's opinion, not "for re-arguments of issues" previously considered (6 Cir. I.O.P. 40(a)(1)).  Appellants, however, do not present any such basis for review, but rather seek to have this Court revisit factual issues, all of which have either been heard and rejected both by the district court and Panel or forfeited by Appellants' failure to raise them in a timely fashion.  In short, Appellants have raised no issue sufficient to meet the heavy burden required for further review.

**ARGUMENT**

**I. THERE IS NO BASIS TO REVIEW THE PANEL'S DECISION THAT REYNOLDS RETIREES RETIRED SUBJECT TO A CAP.**

Throughout the litigation, Appellants argued that they were entitled to unlimited, lifetime retiree medical benefits because the cap

agreements entered by Alcoa, Reynolds Metals Company ("Reynolds") and their respective unions between 1993 and 2006 as part of the collective bargaining agreements ("CBAs") subject to which they retired were "never intended to be enforced". (Br. 24.) Now, Appellants attempt to revive a limited subset of those claims, advancing untimely and previously rejected arguments about the Reynolds cap agreements from the 1993 and 1996 CBAs.

First, Appellants argue for the first time that Reynolds employees who retired between 1993 and 1995 did not retire subject to a cap because the first Reynolds summary plan description ("SPD") to refer to a cap was published in 1995. (Pet. Reh'g 5-6.)[1] As a new argument not raised before the Panel, it is waived for rehearing. Costo v. United States, 922 F.2d 302, 302-03 (6th Cir. 1990). Moreover, Appellants do not point to an earlier SPD in which the cap was omitted, which is unsurprising given that the SPDs and informational materials distributed during this period did inform

---

[1] In fact, the closest Appellants came to making this argument on appeal was when they stated in their recitation of facts before the Panel that the 1997 and 2001 Alcoa SPDs contained no mention of the cap. (Br. 12.) Indeed, the district court had already rejected this argument, finding that those SPDs, which went to Union and non-Union employees, contained "much stronger" vesting language. (RE 523, F&C, 39, 47-48 ¶¶ 118, 143.) Appellants have not challenged this finding in their Petition.

the Union membership about the cap. (RE 523, F&C, 20-21, 23 ¶¶ 63, 74; Op. 13.)

Second, Appellants argue that Reynolds employees who retired after 1995 did not retire subject to a cap because the SPDs prepared after both the 1993 and 1996 CBAs had only an "incomplete reference to the cap" and the cap letters themselves were "hidden in a confidential file that was not part of the plan". (Pet. Reh'g 1.) Appellants did not brief this argument with respect to the 1993 and 1996 SPDs before the district court or Panel and it is waived. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 555 (6th Cir. 2012); Costo, 922 F.2d at 302.[2] As for their "hidden letter" argument, both

---

[2] It is further meritless because the district court and Panel concluded the cap letters themselves clearly permitted implementation. (RE 523, F&C, 91 ¶ 267; Op. 13 ("the clear language of the Reynolds cap letters allowed implementation"); RE 566-5, PTE 40 (1993); RE 577-3, DX 17 (1996).) As the cap letters were clear, written and properly disclosed to the unions, this case is distinguishable from Crosby v. Rohm & Haas Co., 480 F.3d 423 (6th Cir. 2007) and Musto v. Am. Gen. Corp., 861 F.2d 897 (6th Cir. 1988), which Appellants cite. (Pet. Reh'g 3-4.) Similarly, the clarity of the written documents makes Appellants' citations to Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73 (1995), and 29 U.S.C. § 1102(a)(1) unavailing. (Pet. Reh'g 3.) Likewise, the district court and Panel concluded the 1993 and 1996 Reynolds caps were clearly disclosed to Appellants through the SPDs, memoranda of settlement and other informational materials. (E.g., RE 523, F&C, 20-21, 24, 35, 37-38, 92 ¶¶ 63, 64, 75, 108, 114-15, 270; Op. 13.) As such, there is no conflict with the Supreme Court's decision in CIGNA Corp. v. Amara, 131 S.Ct. 1866 (2011) (Pet. Reh'g 5), which does not require that SPDs include every plan detail, but rather a "clear, simple communication" of the plan terms, 131 S.Ct. at 1877-78. The SPDs at issue

3

the district court and the Panel rejected this argument, concluding the caps were clearly disclosed to Reynolds retirees, and Appellants present no basis to revisit those rulings.  (RE 523, F&C, 91 ¶ 267; Op. 13 (rejecting Appellants' "confidential file" argument and observing "Retirees offer no evidence contradicting the court's findings" that the 1993 and 1996 Reynolds caps were well-known to Appellants).)[3]

## II. THERE IS NO BASIS TO REVIEW THE PANEL'S DECISION THAT APPELLANTS WAIVED THEIR ARGUMENT ABOUT THE PROPER CAP LEVEL.

Appellants next argue that the Panel wrongly concluded that Appellants waived their argument that the district court erred in determining the appropriate cap level by making this argument for the first time in their reply brief.  (Pet. Reh'g 9-10.)  In the portion of Appellants' reply brief to which the Panel cited, Appellants made the argument—which they had not

---

here provided descriptions of the caps that satisfied that standard.  (RE 523, F&C, 24, 37 ¶¶ 75, 115; Op. 13.)

[3] Asserting a violation of 29 U.S.C. § 1024(b)(2)—which requires that ERISA plan documents be available for review at plan administrator offices—Appellants do no more than rehash the argument they previously made that the cap agreements were not available to the union membership based on a single document calling the cap agreements "confidential".  (Pet. Reh'g 8 (citing (RE 566-13, PTE 48).)  Of course, that the cap agreements were not published does not suggest that they were not available for review at administrator offices.  And the document that Appellants cite states that the cap agreements were to be maintained by personnel managers "for informational purposes".  (RE 566-13, PTE 48, at 2.)

4

made in their principal brief—that the cap should have been set approximately $500 higher than it was. (Reply Br. 23.) Appellants seek to excuse their failure to include this issue in their principal brief on the basis that this Court issued Reese v. CNH America LLC, 694 F.3d 681 (6th Cir. 2012) (Reese II), after that brief was filed. The argument is unavailing because Appellants did not rely on Reese II for their argument as to the proper valuation of the cap; rather, Appellants relied exclusively on the testimony of their actuarial expert. In fact, Appellants' argument as to the proper calculation of the cap was in Section II of their reply brief (Reply Br. 21-25), while their discussion of Reese II was primarily in Section I (id. 8-21).[4] As such, there is no basis for this Court to deviate from its general rule that arguments first presented in a reply brief are waived. United States v. Moore, 376 F.3d 570, 576 (6th Cir. 2004).

### III. THERE IS NO BASIS TO REVIEW THE PANEL'S DECISION THAT IMPLEMENTATION OF THE CAP, INCLUDING THE NOTIONAL ACCOUNT, WAS PROPER.

Appellants also request further review of the Panel and district court conclusions that Alcoa both met its obligations under the 2001 CBA

---

[4] Appellants also conflate this new argument about the level at which the cap would be set with a distinct argument they made about the modest negotiated retiree contributions under the cap. (Br. 45-46.) Of course, asserting error in the district court's findings on negotiated retiree contributions is distinct from arguments on the level of the cap.

5

by "pay[ing] up to the cap amount" and went beyond them by creating a notional account, into which Alcoa agreed to make "a one-time fixed contribution of $30 million and future contributions of at least $20 million". (Op. 5, 20.)  Appellants argue, first, that Alcoa "paid nothing in to the notional account because it was not funded".  (Pet. Reh'g 12 (emphasis in original).)  Next, Appellants argue that the notional account was not used to pay for retiree medical benefits as of the date of trial.  (Id. 13.)

        Nothing in the Panel's decision suggests that it was not aware of these facts.  That the Panel used the term "pay" to describe the allocation of funds to an unfunded account does not suggest that it did not understand that the account was unfunded, which was clear from the briefing.  (E.g., Br. 45-46; Reply Br. 24.)[5]  Moreover, in the excerpt of the Panel's opinion that Appellants quote, the Panel makes clear that it understood precisely how the notional account worked, and does not suggest that it believed the account was funded.[6]

---

[5] The district court also made clear findings that Alcoa's contributions to the notional account were real and constituted an obligation for the company.  (RE 523, F&C, 96 ¶ 282.)

[6] (See Op. 17, quoted in Pet. Reh'g 12 ("When Alcoa spends less annually on retiree healthcare than the pledged cap amount, it credits the difference between its healthcare expenditures and the cap to the notional account, carrying the balance forward to offset retirees' future healthcare costs.") (emphasis added).)

The larger point that Appellants seek to make is that Alcoa is not meeting its obligations under the cap. (Pet. Reh'g 13-14.) However, both the district court and Panel rejected this argument (RE 523, F&C, 97 ¶ 283; Op. 20), and while Appellants continue to disagree, they cannot meet their burden for en banc review. As both the district court and the Panel concluded, Appellants all retired subject to a cap that required mandatory bargaining before implementation, which could alter the specific terms of the cap. (RE 523, F&C, 76 ¶ 231; Op. 17.) As the Panel noted, "the Retirees consented to, and retired under, CBAs that deferred healthcare-benefit caps". (Op. 16.) The Panel went on to explain that deferral "contemplates eventual implementation" by its very nature. (Id. 16-17.) Indeed, the bargaining that resulted in implementation worked to the benefit of Appellants. In addition to Alcoa's contribution to the notional account of at least $50 million, Alcoa also agreed to make additional lump-sum payments to surviving spouses. (Id., 5, 20.) As such, these negotiations "produced a benefit package 'more favorable to the retirees than a package that simply implemented the 2001 cap would have been'". (Id. 17 (quoting RE 523, F&C, 96 ¶ 280).)[7] In short, Alcoa has clearly met its obligations under the collective bargaining agreements with its unions.

---

[7] Appellants also hypothesize a "Joe Retiree" who dies before the cost of

## CONCLUSION

Appellants have not demonstrated error, let alone shown the "extraordinary" reasons needed to justify further review. Accordingly, this Court should deny Appellants' Petition.

---

Alcoa's plan exceeds the cap, and argue that this retiree does not get what he is entitled to under the cap agreement pursuant to which he retired. (Pet. Reh'g 13.) That is wrong for two reasons. <u>First</u>, the cap agreements required Alcoa and the Union to engage in mandatory bargaining before any cap could be implemented, and the 2006 CBA—including the cap and notional account arrangement—was the product of joint collective bargaining. <u>Second</u>, Alcoa never promised each retiree a set dollar amount worth of benefits; rather, Alcoa agreed to pay an overall amount towards the retiree medical plan equal to the cap amount multiplied by the number of capped retirees. While it is in the nature of insurance plans that some participants will get more value out of the plan than others, that does not undermine the conclusion that Alcoa satisfied its obligation (and, in fact, far more so through additional contributions to the retirement plan by way of the notional account and surviving spouse payments).

June 7, 2013

/s/ Evan R. Chesler
Evan R. Chesler
Daniel Slifkin
Benjamin Gruenstein
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000
echesler@cravath.com

John A. Lucas
WAGNER, MYERS & SANGER P.C.
1801 First Tennessee Plaza
Knoxville, Tennessee 37929
(865) 525-4600
jlucas@wmspc.com

*Attorneys for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, the foregoing Brief of Defendants-Appellees was filed via this Court's CM/ECF system and thereby was served upon all counsel of record.

Dated at New York, New York, on June 7, 2013.

                                         /s/ Evan R. Chesler
                                         Evan R. Chesler

                                         *Attorney for Defendants-Appellees*